**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>*GARRETT E. BROWN, JR.*<br>**CHIEF JUDGE** | **CLARKSON S. FISHER BLDG. AND U.S. COURTHOUSE**<br>**402 EAST STATE STREET ROOM 2020**<br>**TRENTON, NEW JERSEY 08608** |

June 30, 2010

LETTER ORDER

**RE:**   *Clarke v. Morris Hills Center*, Civil No. 09-4520

Dear Counsel:

     Before the Court is the unopposed motion to dismiss (Doc. No. 21) for failure to state a claim filed by Defendant Darryl Jordan pursuant to Federal Rule of Civil Procedure 12(b)(6). During the course of considering Defendant's arguments, the Court has detected a potential flaw in subject-matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

     On removal, Defendant Morris Hills Center ("Morris Hills") invoked federal question jurisdiction pursuant to 28 U.S.C. § 1331, arguing that Plaintiff had asserted a claim arising under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). Specifically, Morris Hills points to the Sixth Count of the Complaint, which states that Morris Hills' "actions also violate the collective bargaining agreement." (Compl. Ct. VI, ¶ 5.)

     It is well established that "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Supreme Court has explained that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* at 392. The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* at 392.

     "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Williams*, 482 U.S. at 394 (quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987)). Although the LMRA need not be expressly mentioned in the complaint, the collective bargaining agreement must be an "essential" element of plaintiff's claim, and not just "backdrop," in order to confer federal jurisdiction via the LMRA. *See Medlin*, 620 F.2d at 962–63 (concluding *sua sponte* that Section 301 did not confer jurisdiction where plaintiffs' claims asserted "independent rights allegedly created by . . . letters of reinstatement," and the collective bargaining agreement "constituted no more than a backdrop for plaintiffs' claim").

After reviewing the Complaint, it appears to the Court that Plaintiff does not allege a plausible claim under a collective bargaining agreement, and none of Plaintiff's claims are substantially dependent on the interpretation of terms of a collective bargaining agreement. Morris Hills correctly notes that Count Six of the Complaint alleges, among other things, that Defendant's "actions also violate the collective bargaining agreement." (Compl. Ct. VI, ¶ 5.) Yet the specific allegations in this Count concern Morris Hills' obligations arising under an implied contract and employment handbook to investigate misconduct and allow Plaintiff a disciplinary hearing. (Compl. Ct. VI, ¶¶ 3 (asserting that Defendant's management did not follow company "rules"), 4 ("These actions breach the implied contract created by Defendant . . . to properly investigate and provide Plaintiff with a right to be heard as it regards disciplinary actions."), 6 ("Defendant . . . has violated the employment manual[.]"), 7 ("Plaintiff has suffered damages as a result of the breach of the implied contract of good faith and fear dealing.").)

In the absence of a claim arising under a collective bargaining agreement, the LMRA does not confer jurisdiction. All of Plaintiff's claims are state law claims. Courts in this Circuit have remanded similar actions where the plaintiff's complaint did not assert rights arising under a collective bargaining agreement and no other federal claims were raised. *See, e.g.*, *Sayres v. Lancaster Press, Inc.*, No. 93-2796, 1994 U.S. Dist. LEXIS 2628, at *2–6 (E.D. Pa. Mar. 8, 1994); *Bobik v. Thepitt Mfg. Co.*, No. 92-378, 1992 U.S. Dist. LEXIS 21136, at *2–3 (W.D. Pa. Aug. 10, 1992).

The Court is inclined to remand the matter to the Superior Court of New Jersey, Law Division, Middlesex County, but the Court will give the parties an opportunity to respond to this issue. Plaintiff and Defendants shall have 10 days from the receipt of this Letter Order to submit a response, not to exceed 5 pages, addressing only this Court's subject matter jurisdiction.

        IT IS SO ORDERED.

        S/ GARRETT E. BROWN, JR.
        Garrett E. Brown, Jr., Chief Judge
        United States District Court